Lambard *v.* Rogers.

LAMBARD & *al. versus* ROGERS & *al.*

*Quaere,* whether it be lawful, for an officer, to include dollarage in the penal sum of a bond, given by a debtor to relieve himself from arrest on execution?

If not lawful, yet, if the officer do it under a belief that it is allowable, the bond is protected as a *statute bond* under R. S. ch. 148, sect. 43.

DEBT upon a poor debtor's bond, given to obtain his release

from arrest on execution. Among other fees, the officer charged $1,00 for travel from Augusta, without stating the distance ; also $3,20 for dollarage, although he collected no part of the execution, except by taking the bond in suit. Those items made a part of the amount, which being doubled, constituted the penal sum of the bond. A default was entered, subject to the opinion of the court.

SHEPLEY, C. J. presided at the trial.

*Gilbert,* for defendants. The law allows dollarage only on sums *collected.* Here the officer *collected* nothing. The case does not show that the unlawful charges were included by "mistake, accident or misapprehension ;" nor can a presumption to that effect be raised. The court will not take notice of the distance from Augusta. The obligation sued can therefore be valid, not as a statute bond, but only at the common law, and the defendant is entitled to be heard in damages.

*Tallman,* for plaintiffs.

WELLS, J., orally. — The law, (R. S. ch. 151, § 4,) allows dollarage for levying and collecting executions. If, in this case, the officer might legally tax the dollarage, the bond is a statute bond. If he could not so tax, still if, in doing it, he believed it was allowable, it may well be considered a misapprehension, coming within the protection of R. S. ch. 148, § 43. Either way, then, the bond is valid as a statute bond, and the plaintiffs are entitled to judgment, according to the 39th section of said chapter 148.